HARRY W. LATHAM *versus* INHABITANTS OF WILTON.

By the Statute of 1821, c. 118, § 9, the inhabitants of a town, at a legal meeting called for that purpose, had power to alter or discontinue a town way, without any previous action of the selectmen thereon.

Where, in a rule of reference, entered into before a justice of the peace, the whole matter in controversy is submitted to the referees, " *to be decided according to the principles of law,*" the law and the fact are equally submitted to their decision; and that clause does not prevent their being the final judges of both, or require them to report the facts and their conclusions upon them to the Court for its revision.

EXCEPTIONS from the Western District Court, GOODENOW J. presiding.

Latham made out and signed his claim against the inhabitants of Wilton, wherein he alleged that he had received a personal injury, and had lost a horse, by reason of defects in a public highway in that town over which he was travelling. Latham and the agent of the town entered into a reference of this demand before a justice of the peace, on April 28, 1842, providing therein, that the case was "to be decided according to the principles of law." On July 13, 1842, the referees made a general report in favor of the plaintiff. The Judge of the District Court, on its being entered there for acceptance, ordered the report to be recommitted, "for the referees to present such facts as present any question of law in relation to

the location of the road, and the effect of the Rev. Stat. c. 25, § 101."

The referees made an additional report, in which they say, that they were satisfied of the plaintiff's right to recover, provided he had sufficiently proved the existence of a highway at the time and place where the injury was proved to have occurred; and upon this point it was proved that there was a highway, situated in said town and connecting two small villages therein, which had been usually travelled for more than twenty years preceding the injury complained of, as a public highway, but that at the place where the accident happened, and for a considerable distance each way therefrom, said way had not been publicly travelled but for twelve or fifteen years, said travelled way having been so altered in that place, as to straighten and carry the travel upon said road about four rods westerly from the old road. It was further proved, that the inhabitants of Wilton had at several times within six years before such injury occurred, which was in April or May, 1841, and also in the summer of 1841, and in ·the spring of 1842, made repairs upon said highway, and in that part also where the injury happened. The defendants contended, that said alteration was not legally made by the town, inasmuch as it appeared from the records of said town, that the selectmen had not made any location and record thereof before issuing the warrant for the town meeting, at which said alteration was accepted, and offered to prove the illegality thereof; but the referees being of opinion that by force of the Revised Statutes, c. 25, § 101, inasmuch as the town had made repairs within six years before the injury occurred, the town were estopped to deny the legality of said way, or the legal existence thereof, decided to exclude such evidence, and that the existence of said way, at the time and place of said injury, was sufficiently established to enable the plaintiff to maintain his said action; but if in the opinion of the Court, said opinions and decisions are erroneous, then the Court is to make such disposition of said report and award as to law and justice may appertain.

Upon the return of this additional report the Court ad-

judged, that the ruling of the referees upon the law was correct, and on all the facts presented thereby, ordered the report to be accepted. The defendants filed exceptions.

*Stacy* argued for the defendants, insisting that the referees erred in refusing to receive the evidence offered to show, that there was no legal road where the accident happened; and that the Court also was in error in accepting this report.

The right of an individual to recover damages of a town for an injury sustained through a defect in a highway, is a strictly legal right, and exists only by the provisions of some statute. The defendants are not liable, unless at the time of the accident, the way was one which the defendants were bound in their corporate capacity to maintain and keep in repair. It must have been a legal highway, or the plaintiff was not entitled to recover.

There was no road legally laid out, and none can be acquired by usage for any period less than twenty years. 2 Greenl. 55; 4 Greenl. 270; 2 Pick. 51, 466.

The referees seem to admit there was no legal highway, for they say that the defendants are estopped from denying the legality of the way, or the legal existence thereof, because they have made repairs thereon within six years; and such is the opinion of the District Court. The provision in the Revised Statutes, relied upon, cannot govern this case. The report of the referees shows, that the injury was received before the Revised Statutes took effect as laws. It was in April or May, 1841. As the law then was, the defendants were not liable. The statute was not intended to apply to cases which had already taken place. If it does, it was retrospective, and therefore unconstitutional, and void. 2 Greenl. 275; 2 Gallison, 105; 7 Johns. R. 477; 3 Dallas, 386. If the construction contended for by the plaintiff be correct, then the legislature have by a law of their own given to the plaintiff a cause of action against the defendants, where none had ever before existed. But there is nothing in the law requiring the Court to give it a retrospective operation.

*H. & H. Belcher,* for the plaintiff, said, that the Revised Statutes merely enacted what was the law, in this respect, before. Although a town was not subject to indictment for neglecting to keep a road in repair, still they were liable to pay damage to any one sustaining an injury in passing along a way treated as a highway by the town, if occasioned by any defect therein.

The road, however, was legally laid out. This was an alteration of an old road, not the laying out of a new one. The town might, before the Revised Statutes, alter a town road without any previous action of the selectmen. Stat. 1821, c. 118, § 9. *Harrington* v. *Harrington,* 1 Metc. 404.

There is nothing *ex post facto* in the statute. It only changes the mode of proving the existence of the road, and that is not unconstitutional. 2 Fairf. 284 ; 1 Shepl. 250 ; 6 Shepl. 183. The town has worked upon the same highway since the Revised Statutes went into effect, and thus recognized it as a public highway with all the incidents attached to it.

The opinion of the Court, WHITMAN C. J. taking no part in the decision, not having heard the arguments, was drawn up by

SHEPLEY J. — A distinction has been preserved in the statutes between the laying out and the alteration of highways and town ways. In the case of the *Commonwealth* v. *Cambridge,* 7 Mass. R. 158, it was decided, that a new highway could not be laid out upon a petition for the alteration of an old one. The act of Massachusetts of the 23d of March, 1786, § 7, provided, that towns may approve of any town or private way laid out by the selectmen, " or may alter or discontinue any town or private way heretofore laid out and improved as such, when it shall appear, that the same is unnecessary for the inhabitants of such town." The act of the 27th of February, 1787, authorized the selectmen to lay out town and private ways to be approved by their towns. And if the selectmen unreasonably refused to lay out, or the town to approve, of such ways, an appeal was permitted to the

Court of Sessions. The act was silent respecting the alteration or discontinuance of such a way. In the case of the *Commonwealth* v. *Tucker*, 2 Pick. 44, it was said, " there seems to be no express authority given to towns to discontinue town ways, but without doubt such authority exists by implication." Upon the revision of the statutes in this State, in 1821, the distinction between the authority to lay out and to alter ways was preserved. The provisions alluded to in both the statutes before named were re-enacted. The ninth section of c. 118, authorized the selectmen to lay out town or private ways, and provided, that " any town may alter or discontinue any town or private way, when it shall appear, that the same is unnecessary for the inhabitants of such town." There was no power given to the selectmen to alter or discontinue a town or private way ; and according to the doctrine of the case of *Commonwealth* v. *Cambridge*, it could not be done, it would seem, under the power to lay out such ways. No appeal was authorized from any act of the town refusing to discontinue or alter such a way, while there was one for unreasonably refusing to approve of such a way laid out. It clearly was not the design of the statute to entrust the power to discontinue such a way to the action of the selectmen ; and yet an alteration would operate as a discontinuance. The power to alter and to discontinue was originally connected and given to the towns entirely independent of the power given to the selectmen to lay out ; and these powers have only been brought together in the same section by the revision. But the powers are as distinct in the new as in the older enactments. The latter to be exercised by the selectmen in the first instance, and the former to alter and discontinue, to be exercised by the towns without any previous action of the selectmen, and with a final result not subject to revision by an appellate tribunal. It does not appear from the report of the referees, that the way, called a highway, connecting two small villages in the town, had not been legally laid out as a town way. The defence was not placed upon any such ground ; but it was contended, that the alteration made in it some twelve or fifteen years before " was

not legally made by the town, inasmuch as it appeared from the records of said town, that the selectmen had not made any location and record thereof before the issuing of the warrant for the town meeting, at which said alteration was accepted." No action of the selectmen being required by the statute previous to an alteration or discontinuance, the action of the town in accepting the alteration would not be vitiated by their proceedings. The report of the referees should be accepted, unless it appears, that they decided the law erroneously to the injury of the defendants, and the highway, which was out of repair and the occasion of the injury, appearing to be one, which the town was obliged to keep in repair, according to the provisions of c. 118, § 17, the town would be liable to pay for the injury. And it is not necessary to decide, whether the section of the Revised Statutes, referred to in the report of the referees, can be considered as applicable to a case of injury happening before the statutes were in force.

The rule of reference submitted the whole matter to the referees " to be decided according to the principles of law." The law and the fact were equally submitted to their decision ; and that clause did not prevent their being the final judges of both ; while it required them to be governed, by what they judged the law applicable to the case to be. *Payne* v. *Massey*, 9 Moore, 666. They were under no obligation therefore to report the facts, and their conclusions upon them, to the Court for its revision.

<div style="text-align:center">

*Exceptions overruled,*
*and report accepted.*